# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

JOSHUA ANDERS, individually and on behalf

of all others similarly situated,

Plaintiff,

2:24-cv-6311-BHH-MGB

COMPLAINT

v.

STATE OF SOUTH CAROLINA;

SOUTH CAROLINA SUPREME COURT;

CHIEF JUSTICE DONALD W. BEATTY, in his official capacity;

SOUTH CAROLINA JUDICIAL DEPARTMENT;

CHARLESTON COUNTY COURT OF COMMON PLEAS;

CHIEF JUDGE ROGER M. YOUNG SR., in his official capacity;

JULIE J. ARMSTRONG, in her official capacity;

UNITED STATES OF AMERICA;

CHIEF JUDGE TIMOTHY M. CAIN, in his official capacity;

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA,

Defendants.

Civil Action No.: 2:24-cv-6311-BHH-MGB

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**(42 U.S.C. § 1983; Americans with Disabilities Act; Rehabilitation Act)**

**PRELIMINARY STATEMENT**

1. This class action challenges systematic barriers to justice in both the South Carolina state court system and the United States District Court for the District of South Carolina that violate federal law and the South Carolina Constitution. These barriers include: (a) mandatory Alternative Dispute Resolution (ADR) requirements that effectively deny the right to trial by jury, (b) discriminatory filing requirements that deny meaningful court access to disabled litigants, and (c) handwritten signature mandates that categorically exclude disabled individuals from court access.

2. By South Carolina Supreme Court rule, all civil actions filed in circuit court "are subject to court-ordered mediation," with limited exceptions. This blanket requirement imposes:

a. Mandatory delay of trial for 200+ days;

b. Additional costs for mediation proceedings;

c. Extra transportation burdens for disabled litigants;

d. Effective denial of the constitutional right to jury trial;

e. Disproportionate impact on pro se and disabled litigants.

3. Simultaneously, both state and federal Defendants maintain policies that:

a. Deny e-filing access to pro se litigants while requiring in-person filing;

b. Mandate handwritten signatures without accommodation;

c. Create discriminatory barriers for disabled litigants;

d. Impose excessive costs on those who cannot drive;

e. Establish a two-tiered system of justice between represented and unrepresented parties.

4. These systematic practices violate:

a. The fundamental right to jury trial guaranteed by S.C. Const. art. I, § 14;

b. First Amendment right of access to courts;

c. Fourteenth Amendment due process and equal protection;

d. Americans with Disabilities Act;

e. Rehabilitation Act of 1973.

f. Administrative Procedure Act.

5. Named Plaintiff Joshua Anders is a partially visually impaired pro se litigant who has incurred substantial costs and faced significant barriers accessing both state and federal court systems due to Defendants' discriminatory policies. Despite over twenty years of information technology experience, including development of secure electronic systems, Plaintiff is categorically denied access to e-filing and required to personally sign documents in a manner incompatible with his disability.

6. Plaintiff seeks declaratory and injunctive relief on behalf of himself and all similarly situated individuals to remedy these systematic constitutional and statutory violations, modernize court access procedures, and ensure equal access to justice regardless of disability status or representation.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to:

a. 28 U.S.C. § 1331 (federal question);

b. 28 U.S.C. § 1343(a)(3) and (4) (civil rights);

c. 42 U.S.C. § 12133 (ADA);

d. 29 U.S.C. § 794a (Rehabilitation Act);

e. Supplemental jurisdiction under 28 U.S.C. § 1367 over state constitutional claims.

8. The Eleventh Amendment does not bar this action because:

a. State sovereign immunity does not extend to constitutional violations by state officials;

b. Congress validly abrogated state sovereign immunity for ADA Title II claims;

c. The State waived immunity by accepting federal funds under the Rehabilitation Act;

d. Claims against state officials for prospective relief fall under Ex parte Young;

e. The fundamental right of court access overrides sovereign immunity.

9. Jurisdiction over claims against the United States is proper pursuant to:

a. 28 U.S.C. § 1331 (federal question);

b. 29 U.S.C. § 794 (Rehabilitation Act);

c. The Administrative Procedure Act, 5 U.S.C. § 706;

d. Federal mandamus statute, 28 U.S.C. § 1361.

10. Retaliatory action against litigants seeking constitutional remedies is absolutely prohibited by:

a. First Amendment protection of the right to petition;

b. 42 U.S.C. § 1985(2) (conspiracy to deter testimony);

c. 42 U.S.C. § 1985(3) (conspiracy to violate civil rights);

d. Federal judicial supervision of class-wide relief.

11. Any retaliatory conduct would constitute:

a. Evidence supporting the underlying constitutional claims;

b. Grounds for additional injunctive relief;

c. Basis for appointment of federal monitors;

d. Criminal violation under 18 U.S.C. § 241.

12. This Court has personal jurisdiction over Defendants as they operate and conduct business within South Carolina.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) as:

a. The events giving rise to these claims occurred in Charleston County, South Carolina;

b. Defendants maintain offices and operations in this district;

c. A substantial part of the property subject to this action is situated in this district.

**CLASS DEFINITIONS**

14. Plaintiff brings this action on behalf of himself and two classes of similarly situated individuals:

15. The Disability Access Class:

All individuals with disabilities who are or will be pro se litigants in South Carolina state courts and/or the United States District Court for the District of South Carolina and who are denied reasonable accommodations including e-filing access.

16. The Jury Trial Class:

All individuals who are or will be litigants in South Carolina state courts who have demanded or will demand jury trials and are subject to mandatory ADR requirements.

**RULE 23 ALLEGATIONS**

17. Numerosity (Rule 23(a)(1)):

a. The Disability Access Class includes thousands of disabled pro se litigants across South Carolina;

b. The Jury Trial Class includes all litigants demanding jury trials statewide, numbering in the tens of thousands annually;

c. Joinder of all class members is impracticable;

d. The classes are geographically dispersed across South Carolina's forty-six counties.

18. Commonality (Rule 23(a)(2)):

Common questions for the Disability Access Class include:

a. Whether denial of e-filing access to pro se litigants violates the ADA;

b. Whether mandatory in-person filing creates discriminatory barriers;

c. Whether Defendants systematically fail to provide reasonable accommodations;

d. Whether transportation costs constitute discriminatory surcharges.

19. Common questions for the Jury Trial Class include:

a. Whether mandatory ADR with 200+ day delays violates the state constitutional right to jury trial;

b. Whether blanket ADR requirements constitute systematic deprivation of constitutional rights;

c. Whether the exemption process provides meaningful protection of jury trial rights;

d. Whether mandatory ADR coerces settlement through procedural burden.

20. Typicality (Rule 23(a)(3)):

Plaintiff's claims are typical because:

a. He is subject to the same discriminatory policies as the Disability Access Class;

b. He faces the same mandatory ADR barriers as the Jury Trial Class;

c. His injuries arise from Defendants' systematic conduct;

d. He seeks the same declaratory and injunctive relief.

21. Adequacy (Rule 23(a)(4)):

Plaintiff will fairly represent the classes because:

a. His interests align with class members;

b. He has no conflicts with class interests;

c. He has demonstrated commitment by pursuing these claims;

d. As a member of both classes, he has standing to challenge both sets of policies.

22. Rule 23(b)(2) Requirements:

Class certification is appropriate because:

a. Defendants act on grounds generally applicable to the classes;

b. Their policies systematically violate constitutional and statutory rights;

c. Final injunctive and declaratory relief will benefit all class members;

d. The case seeks systemic reform of court practices.

**PARTIES**

23. Plaintiff Joshua Anders is a resident of Johns Island, Charleston County, South Carolina. He is partially visually impaired, constituting a disability under the ADA and Rehabilitation Act. Plaintiff has over twenty years of information technology experience, including enterprise AI

system development, secure hosting infrastructure management, and electronic document system implementation.

24. Defendant State of South Carolina operates the state court system through its Judicial Department and receives federal funding for its court operations.

25. Defendant South Carolina Supreme Court is the head of the state judiciary, responsible for court rules and administration including the mandatory ADR rules and electronic filing policies.

26. Defendant Chief Justice Donald W. Beatty is the chief administrative officer of the state court system and is sued in his official capacity for prospective relief under Ex parte Young. He is responsible for oversight of court policies, including those affecting access to justice and reasonable accommodations.

27. Defendant South Carolina Judicial Department is the state agency responsible for administering the South Carolina court system, including implementation of filing requirements, accommodation policies, and ADR rules.

28. Defendant Charleston County Court of Common Pleas is a state trial court located in Charleston County, South Carolina, where Plaintiff's underlying wage theft case is pending.

29. Defendant Roger M. Young, Sr. is the Chief Administrative Judge of the Charleston County Court of Common Pleas and is sued in his official capacity. He is responsible for implementation of court policies at the county level.

30. Defendant Julie J. Armstrong is the Clerk of Court for Charleston County Court of Common Pleas and is sued in her official capacity. She is responsible for implementation of filing requirements and signature policies at the county level.

31. Defendant United States of America operates the United States District Court for the District of South Carolina as part of the federal judiciary and receives federal funding for its court operations.

32. Defendant United States District Court for the District of South Carolina is a federal entity subject to Section 504 of the Rehabilitation Act and maintains policies governing pro se filing requirements including mandatory handwritten signature rules. It categorically denies e-filing access to pro se litigants regardless of their technical capability or disability status.

33. Defendant Chief Judge Timothy M. Cain is the Chief Judge of the United States District Court for the District of South Carolina and is sued in his official capacity. He is responsible for implementation and oversight of court policies affecting access to justice, including signature requirements and reasonable accommodations.

34. All Defendants are subject to either the Americans with Disabilities Act, the Rehabilitation Act, or both, due to their receipt of federal funds and/or status as public entities. All maintain policies that systematically exclude or burden disabled litigants seeking court access.

## FACTUAL ALLEGATIONS

*Mandatory ADR System*

35. By Supreme Court rule, "all civil actions filed in the circuit court... are subject to court-ordered mediation under these rules."

36. The rule establishes limited exceptions for:

a. Special proceedings and extraordinary relief;

b. Temporary relief requests;

c. Appeals and post-conviction matters;

d. Certain governmental proceedings;

e. Previously mediated cases.

37. Exemption requires:

a. Filing a separate motion;

b. Demonstrating "good cause";

c. Obtaining approval from the Chief Judge;

d. Additional procedural burden on litigants.

38. This system imposes:

a. Mandatory delay exceeding 200 days before trial access;

b. Additional mediation costs on all litigants;

c. Extra transportation burden for disabled parties;

d. Effective coercion toward settlement through procedural obstacles.

*Discriminatory Filing Requirements*

39. The South Carolina Judicial Department maintains an electronic filing system available to licensed attorneys but categorically denied to pro se litigants.

40. All pro se litigants must file papers in person at the courthouse, regardless of:

a. Disability status;

b. Transportation barriers;

c. Geographic distance;

d. Technical capability.

41. Plaintiff has over twenty years of information technology experience, including:

a. Development of enterprise AI systems;

b. Management of secure hosting infrastructure;

c. Implementation of electronic document systems;

d. Design of secure communication platforms.

42. Despite this expertise, Plaintiff is prohibited from e-filing solely due to pro se status.

*Named Plaintiff's Experience*

43. Plaintiff is currently litigating a wage theft case pro se in Charleston County Court of Common Pleas (Case No. 2024-CP-10-5415).

44. Due to visual impairment, Plaintiff cannot drive to the courthouse located approximately 45 minutes away.

45. Plaintiff has incurred substantial transportation costs to access basic court functions:

a. October 28, 2024: $98.31 round trip

b. October 29, 2024: $72.48 round trip

c. October 30, 2024: $91.66 round trip

d. November 1, 2024: $152.49 round trip

e. Total transportation costs to date: $414.94

46. Plaintiff has requested reasonable accommodation through:

a. In-person request at courthouse (immediately denied);

b. Written motion (pending);

c. Documentation of disability and technical capability.

47. Defendants have failed to:

a. Engage in interactive accommodation process;

b. Consider reasonable alternatives;

c. Provide ADA coordination;

d. Prevent discriminatory impact.

*Physical Barriers to Access*

48. Direct observation of Charleston County Judicial Center reveals:

a. Counter heights exceeding reasonable reach from wheelchair;

b. Other inaccessible service points;

c. Limited disability accommodation;

d. Physical layout creating barriers.

49. These barriers demonstrate:

a. Systematic failure to consider accessibility;

b. Disparate impact on disabled litigants;

c. Need for comprehensive accommodation;

d. Pattern of discrimination.

*Discriminatory Signature Requirements*

50. The District Court's pro se filing requirements mandate handwritten signatures while prohibiting electronic or typed signatures.

51. This requirement creates an absolute barrier for:

a. Blind litigants who cannot see to sign;

b. Litigants with visual impairments affecting hand-eye coordination;

c. Individuals with motor impairments affecting handwriting;

d. Other disabled litigants who cannot produce consistent manual signatures.

52. The signature policy:

a. Makes no provision for reasonable accommodation;

b. Provides no alternative methods for verification;

c. Creates categorical exclusion of certain disabled litigants;

d. Imposes more burdensome requirements than those for represented parties.

53. This barrier demonstrates:

a. Failure to consider basic disability access;

b. Discriminatory impact of seemingly neutral rules;

c. Systematic exclusion of entire categories of disabled litigants;

d. Need for comprehensive policy reform.

54. Due to his partial visual impairment, Plaintiff:

a. Has limited field of vision that affects ability to locate and align signatures within designated spaces;

b. Cannot reliably verify signature placement on legal documents;

c. Has been denied the ability to use electronic or typed signatures despite having full technical capability;

d. Faces unnecessary barriers to court access under current policies that fail to account for varying types and degrees of visual impairment.

55. The systematic discrimination against disabled pro se litigants continues in real time:

a. On November 1, 2024, Plaintiff filed multiple emergency motions in Charleston County Case No. 2024CP1005415, including:

i. Motion for Reasonable Accommodations under the ADA

ii. Motion for Recovery of Discriminatory Transportation Costs

iii. Motion to Preserve Right to Jury Trial

iv. Motion to Expedite

b. As of November 4, 2024, these motions had not yet been scanned into the court's system, meaning:

i. No judge had reviewed the motions

ii. No action could be taken on time-sensitive matters

iii. Emergency relief was effectively delayed

iv. Additional harm continued to accrue

c. In contrast, if filed by an attorney:

i. The same motions would have been e-filed

ii. Documents would be immediately available for review

iii. Judges could take immediate action

iv. Emergency matters could be promptly addressed

d. This disparity demonstrates:

    i. Real-world impact of discriminatory filing requirements

    ii. Ongoing nature of constitutional violations

    iii. Actual delay in access to justice

    iv. Concrete harm from systematic discrimination

    v. Additional costs and barriers faced by disabled pro se litigants

## CAUSES OF ACTION

COUNT I - Violation of Right to Trial by Jury

(42 U.S.C. § 1983; S.C. Const. art. I, § 14)

56. Plaintiff incorporates all preceding paragraphs by reference.

57. The South Carolina Constitution guarantees that "the right of trial by jury shall be preserved inviolate."

58. Defendants' mandatory ADR system violates this right by:

a. Imposing universal mediation requirements;

b. Creating excessive delays before trial access;

c. Establishing prohibitive cost barriers;

d. Coercing settlement through procedural burden.

59. The exemption process fails to protect constitutional rights because:

a. It places undue burden on litigants;

b. Standards for "good cause" are undefined;

c. Decisions are discretionary and standardless;

d. Relief is rarely granted.


COUNT II - Violation of Americans with Disabilities Act

(42 U.S.C. § 12131 et seq.)


60. Plaintiff incorporates all preceding paragraphs by reference.


61. Title II of the ADA prohibits public entities from discriminating against qualified individuals with disabilities.


62. Defendants violate the ADA by:


a. Denying e-filing access to disabled pro se litigants;

b. Requiring in-person filing regardless of disability;

c. Failing to provide reasonable accommodations;

d. Maintaining inaccessible facilities and services.

63. The handwritten signature requirement violates the ADA by:

a. Categorically excluding blind and visually impaired litigants;

b. Failing to provide reasonable alternatives for verification;

c. Imposing more burdensome requirements on disabled litigants;

d. Creating unnecessary barriers to court access.

64. These violations cause:

a. Denial of meaningful court access;

b. Discriminatory financial burden;

c. Unequal treatment of disabled litigants;

d. Systematic exclusion from justice system.

COUNT III - Violation of Rehabilitation Act
(29 U.S.C. § 794)

65. Plaintiff incorporates all preceding paragraphs by reference.

66. Section 504 prohibits discrimination against individuals with disabilities in programs receiving federal funds.

67. Defendants receive federal funding and are subject to Section 504.

68. Defendants violate Section 504 through:

a. Discriminatory filing requirements;

b. Failure to accommodate disabilities;

c. Creation of access barriers;

d. Systematic exclusion practices.

COUNT IV - First Amendment Right of Access to Courts

(42 U.S.C. § 1983)

69. Plaintiff incorporates all preceding paragraphs by reference.

70. The First Amendment protects the right to petition courts for redress of grievances.

71. Defendants' policies systematically burden this right by:

a. Creating prohibitive access barriers;

b. Imposing discriminatory requirements;

c. Maintaining two-tiered justice system;

d. Effectively denying court access.

COUNT V - Equal Protection

(42 U.S.C. § 1983)

72. Plaintiff incorporates all preceding paragraphs by reference.

73. The Fourteenth Amendment requires equal protection of the laws.

74. Defendants violate equal protection by:

a. Discriminating against pro se litigants;

b. Creating separate systems for attorneys and non-attorneys;

c. Imposing disparate burdens on disabled individuals;

d. Maintaining systematic barriers to court access.

COUNT VI - Protection Against Retaliation

(42 U.S.C. § 1983; 42 U.S.C. § 1985)

75. Plaintiff incorporates all preceding paragraphs by reference.

76. The First Amendment and federal law protect against retaliation for:

a. Exercise of constitutional rights;

b. Filing federal civil rights claims;

c. Challenging discriminatory practices;

d. Seeking reasonable accommodations.

77. There exists substantial risk of retaliation through:

a. Adverse rulings in pending cases;

b. Heightened procedural barriers;

c. Denial of routine accommodations;

d. Enhanced scrutiny of filings.

78. Any retaliation would constitute:

a. First Amendment violation;

b. Conspiracy under 42 U.S.C. § 1985(2);

c. Violation of 42 U.S.C. § 1985(3);

d. Criminal conduct under 18 U.S.C. § 241.

79. Plaintiff and class members require prospective protection through:

a. Federal court supervision;

b. Immediate reporting requirements;

c. Independent monitoring;

d. Preventive injunctive relief.

COUNT VII - Federal Court Access

(Rehabilitation Act; Administrative Procedure Act)

80. Plaintiff incorporates all preceding paragraphs by reference.

81. The United States receives federal financial assistance and is subject to Section 504 of the Rehabilitation Act.

82. The federal court's handwritten signature requirement for pro se litigants:

a. Discriminates against blind, visually impaired, and motor impaired individuals;

b. Denies meaningful access to federal courts;

c. Fails to provide reasonable accommodation;

d. Violates Section 504's accessibility requirements.

83. The signature policy is:

a. Arbitrary and capricious under the APA;

b. Not required by statute or court rule;

c. More burdensome than requirements for represented parties;

d. Contrary to federal disability rights law.

84. Less discriminatory alternatives exist including:

a. Electronic signatures;

b. Notarized documents;

c. Declaration under penalty of perjury;

d. Other accessible verification methods.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes request that this Court:

85. Certify the proposed Classes pursuant to Fed. R. Civ. P. 23(b)(2);

86. Declare that Defendants' policies and practices violate:

a. The right to trial by jury;

b. The Americans with Disabilities Act;

c. The Rehabilitation Act;

d. First Amendment right of access;

e. Equal Protection Clause;

f. Federal anti-retaliation protections.

87. Enter a permanent injunction requiring State Defendants to:

a. Cease mandatory ADR requirements;

b. Provide e-filing access to pro se litigants;

c. Implement reasonable accommodations;

d. Remove discriminatory barriers;

e. Establish effective ADA coordination.

88. Enter a permanent injunction requiring the United States to:

a. Modify pro se filing requirements to accommodate disabled litigants;

b. Accept alternative forms of signature verification;

c. Implement accessible filing procedures;

d. Train staff on disability accommodations.

89. Award compensatory damages including:

a. Transportation costs incurred due to discriminatory in-person filing requirements in the amount of $414.94 to date;

b. Anticipated future transportation costs for court proceedings in the amount of $500;

c. Value of professional time expended researching federal and state constitutional law, disability rights statutes, civil procedure, and relevant case law, conservatively calculated at 40 hours at market rate of $200 per hour, totaling $8,000;

d. Value of professional time lost to mandatory in-person filing requirements, calculated at 15 hours at market rate of $200 per hour, totaling $3,000;

e. Total compensatory damages of $11,915.


90. Award punitive damages against all Defendants to the extent permitted by law:

a. Under 42 U.S.C. § 1983 for willful and malicious violation of constitutional rights as demonstrated by:

i. Categorical denial of reasonable accommodations;

ii. Immediate rejection of accommodation requests without consideration;

iii. Refusal to engage in federally mandated interactive process;

iv. Maintenance of discriminatory policies despite known impacts;

b. Under the ADA for intentional discrimination evidenced by:

i. Creation of systematic barriers to court access;

ii. Maintenance of two-tiered justice system;

iii. Deliberate exclusion from modern filing methods;

iv. Absence of meaningful accommodation procedures;

c. Under the Rehabilitation Act for knowing violation of disability rights shown through:

i. Denial of fundamental court access;

ii. Imposition of unnecessary procedural burdens;

iii. Creation of discriminatory financial barriers;

iv. Systematic exclusion of disabled pro se litigants;

d. In the amount of $119,150, representing ten times compensatory damages, justified by:

i. The systematic and pervasive nature of discrimination;

    ii. Multiple, overlapping constitutional and statutory violations;

    iii. Deliberate indifference to federally protected rights;

    iv. Need for institutional deterrence and reform;

    v. Public importance of ensuring court access;

  e. Or such other amount as the Court deems sufficient to punish past violations and deter future discriminatory conduct.

91. Enter additional protective relief including:

a. Appointment of a federal monitor;

b. Regular compliance reporting;

c. Anti-retaliation training requirements;

d. Establishment of a confidential reporting system;

e. Protocol for expedited review of retaliation claims.

92. Require Defendants to:

a. Document all actions taken regarding Plaintiff and class members;

b. Report any adverse actions to the Court within 24 hours;

c. Obtain prior approval for any unusual procedural requirements;

d. Maintain detailed records of all accommodation requests.

93. Award reasonable attorneys' fees and costs pursuant to:

a. 42 U.S.C. § 1988;

b. 42 U.S.C. § 12205;

c. 29 U.S.C. § 794a.

94. Grant such other relief as the Court deems just and proper.

*MOTION FOR PROTECTIVE ORDER*

95. Plaintiff moves for immediate entry of a protective order:

a. Prohibiting retaliation against Plaintiff and class members;

b. Requiring documentation of all actions affecting class members;

c. Establishing monitoring and reporting requirements;

d. Creating mechanism for emergency relief if needed.

96. This protection is necessary because:

a. Defendants control the state court system;

b. Plaintiff and class members have pending state cases;

c. Risk of subtle procedural retaliation is high;

d. Effective federal supervision is essential.

**DEMAND FOR JURY TRIAL**

97. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable. This jury demand is especially appropriate given that:

a. This case challenges systematic barriers to jury trial rights;

b. The institutional nature of the discrimination requires citizen oversight;

c. The court system's own practices are at issue;

d. Independent community evaluation of disability barriers is needed.

Respectfully submitted this 4th day of November, 2024,

JOSHUA ANDERS, Plaintiff Pro Se

2857 Maritime Forest Dr

Johns Island, SC 29455

Email: legal@joshanders.com

Phone: (804) 916-9666

**VERIFICATION**

I, Joshua Anders, verify under penalty of perjury that the factual allegations in this Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on: November 4, 2024

Joshua Anders

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Anders, Joshua Ian |
| Street Address | 2857 Maritime Forest Dr |
| City and County | Johns Island, County of Charleston |
| State and Zip Code | South Carolina 29455 |
| Telephone Number | 804-916-9666 |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | State of South Carolina |
| Job or Title (if known) | |
| Street Address | PO Box 11549 |
| City and County | Columbia, County of Richland |
| State and Zip Code | South Carolina 29211 |
| Telephone Number | 803-734-3970 |

Defendant No. 2

| | |
|---|---|
| Name | South Carolina Supreme Court |
| Job or Title (if known) | |
| Street Address | 1231 Gervais St |
| City and County | Columbia, County of Richland |
| State and Zip Code | South Carolina, 29201 |
| Telephone Number | 803-734-1080 |

Defendant No. 3

| | |
|---|---|
| Name | Chief Justice Donald W. Beatty (official capacity) |

2

| Job or Title (if known) | Chief Judge |
| --- | --- |
| Street Address | 1231 Gervais St |
| City and County | Columbia, County of Richland |
| State and Zip Code | South Carolina, 29201 |
| Telephone Number | 803 - 734 - 1080 |

Defendant No. 4

| Name | South Carolina Judicial Department |
| --- | --- |
| Job or Title (if known) | |
| Street Address | 1220 Senate St |
| City and County | Columbia, County of Richland |
| State and Zip Code | South Carolina, 29201 |
| Telephone Number | 803 - 734 - 1800 |

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

■ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 USC Section 1331, 28 USC Sections 1343(a)(3) and (4), 42 USC Section 12133, 29 USC Section 794a, 28 USC Section 1367

3

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _____

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. ~~1~~ 5

Name  *Charleston County Court of Common Pleas*

Job or Title (if known) _____

Street Address  *100 Broad St, Suite 106*

City and County  *Charleston, County of Charleston*

State and Zip Code  *South Carolina, 29401*

Telephone Number  *843-958-5000*

Defendant No. ~~1~~ 6

Name  *Roger M. Young Sr. (official capacity)*

Job or Title (if known)  *Chief Judge*

Street Address  *100 Broad St, Suite 868*

City and County  *Charleston, County of Charleston*

State and Zip Code  *South Carolina, 29401*

Telephone Number  *843-958-2015*

Defendant No. ~~1~~ 7

Name  *Julie J. Armstrong (official capacity)*

2

Job or Title
(if known)                Clerk of Court

Street Address            100 Broad St, Suite 106
City and County           Charleston, County of Charleston
State and Zip Code        South Carolina, 29401
Telephone Number          843 - 958 - 5000

Defendant No. # 8

Name                      United States of America

Job or Title
(if known)

Street Address            1441 Main St, Suite 500
City and County           Columbia, County of Richland
State and Zip Code        South Carolina, 29201
Telephone Number          803 - 929 - 3000

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two
types of cases can be heard in federal court: cases involving a federal question and cases
involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising
under the United States Constitution or federal laws or treaties is a federal question case.
Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another
State or nation and the amount at stake is more than $75,000 is a diversity of citizenship
case.  In a diversity of citizenship case, no defendant may be a citizen of the same State
as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐  Federal question                    ☐  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United
States Constitution that are at issue in this case.

3

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    _____
Street Address    _____
City and County    _____
State and Zip Code    _____
Telephone Number    _____

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1 9

Name    Chief Judge Timothy M. Cain (official capacity)
Job or Title    Chief Judge
(if known)
Street Address    315 S McDuffie St, 1st Floor
City and County    Anderson, County of Anderson
State and Zip Code    South Carolina, 29624
Telephone Number    864-261-2030

Defendant No. 2 10

Name    US District Court for District of South Carolina
Job or Title
(if known)
Street Address    85 Broad St
City and County    Charleston, County of Charleston
State and Zip Code    South Carolina, 29401
Telephone Number    843-579-1401

Defendant No. 3

Name

2

**B.**     **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of
the State of *(name)* _____.

b.     If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated
under the laws of the State of *(name)* _____,
and has its principal place of business in the State of *(name)*
_____.

*(If more than one plaintiff is named in the complaint, attach an additional
page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. *Or* is a citizen of
*(foreign nation)* _____.

b.     If the defendant is a corporation

The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or* is
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an
additional page providing the same information for each additional
defendant.)*

4

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

_____

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Defendants failed to provide reasonable accommodations under ADA and Rehabilitation Act. ~~Defendant~~ State Defendants failed to provide speedy trial and trial by jury.

_____

_____

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached

_____

_____

_____

_____

5

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November, 2024

Signature of Plaintiff _Joshua Anders_

Printed Name of Plaintiff _Joshua Anders_

**B.    For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

Telephone Number _____

E-mail Address _____

6