IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Anders, ) <br> ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> State of South Carolina; South Carolina ) <br> Supreme Court; Chief Justice Donald ) <br> Beatty; South Carolina Judicial ) <br> Department; Charleston County Court ) <br> of Common Pleas; Chief Judge Robert ) <br> M. Young, Sr.; Julie J. Armstrong; ) <br> United States of America; Chief Judge ) <br> TimothyM. Cain; and United States ) <br> District Court for the District of South ) <br> Carolina, ) <br> ) <br>         Defendants. ) <br> _____ ) | Civil Action No. 2:24-cv-6311-BHH <br><br> **<u>ORDER</u>** |

      This matter is before the Court upon Plaintiff Joshua Anders' ("Plaintiff") pro se complaint, which challenges certain filing requirements and practices in the state and federal judicial systems. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

      On March 31, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss Plaintiff's complaint without issuance and service of process. (ECF No. 13.) In the Report, the Magistrate Judge explained that Plaintiff's claims are not cognizable and he cannot bring a class action and does not have standing. (*See Id.* at 4-21.) In addition, the Magistrate Judge explained Plaintiff cannot cure any of the myriad defects she identified in his

complaint by filing an amended pleading.  (*Id.* at 21.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and fully agrees with the Magistrate Judge's extremely thorough analysis.  **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13), and the Court dismisses this action without prejudice and without issuance and service of process.**

2

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 21, 2025
Charleston, South Carolina